**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **ALONZO RICE FORD,** | |
| *Plaintiff,* | |
| **v.** | **CIVIL ACTION NO.** <br> **5:19-cv-00376-TES-CHW** |
| **CLINTON PERRY,** | |
| *Defendant.* | |

**ORDER**

*Pro se* Plaintiff Alonzo Rico Ford, a prisoner incarcerated at the Macon State Prison in Oglethorpe, Georgia, initiated a lawsuit against Defendant Clinton Perry on May 23, 2019, seeking relief pursuant to 42 U.S.C. § 1983. [Doc. 1]. On January 13, 2020, the Court dismissed Plaintiff's Complaint [Doc. 1] for failure to state a claim. The Clerk of Court entered Judgment [Doc. 20] dismissing the lawsuit soon thereafter.

Now, more than two years later, Plaintiff has filed a Motion for Relief from Judgment [Doc. 21] pursuant to Federal Rule of Civil Procedure 60(b). In his Motion, Plaintiff states that he "cannot read and write on a[n] adult level" having not been educated beyond the ninth grade and that he "previously submitted a letter to the Court of his illeterate [*sic*] disability". [*Id.* at pp. 1–2]. Plaintiff also states that he "lost complete vision in the right eye as a result of the injury sustained in this Complaint."

[*Id*.]. He further avers that he "has had the assistance of unlettered inmates initially and now has a proper equipped inmate to assist him in this matter." [*Id*. at p. 1]. He complains that he "is further impeded by defendants successor, Warden Tamajee Smith, as Plaintiff had been previously housed in segregation and is now housed in bldg.-G-2, a ghost housing unit for protective custody" and he is "denied all access to the prison's law library. [*Id*. at p. 2]. Lastly, he states that "[i]n the interest of justice this motion should be granted as GDC is under investigation by the USDOJ for violence." [*Id*. at p. 1]. For these reasons, Plaintiff requests that the Court reconsider the entry of Judgment against him and allow him to "amend and correct his complaint as it were [*sic*] dismissed without prejudice." [*Id*.].

Fed. R. Civ. P. 60(b) provides that:

the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
**(1)** mistake, inadvertence, surprise, or excusable neglect;
**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
**(4)** the judgment is void;
**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
**(6)** any other reason that justifies relief.

Rule 60 provides that a motion for relief from judgment based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . [or] (3) fraud" must be brought "[n]o more than a year after the entry of judgment." Fed. R.

Civ. P. 60(b)-(c)(1). Here, Plaintiff asserts "excusable neglect" two years after Judgment was entered in his case. Thus, Plaintiff's Motion for Relief from Judgment based on excusable neglect is barred and subject to denial.

That said, even if the Court could procedurally grant Plaintiff's Motion, it nonetheless would still be denied on other grounds. "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993)). "[W]hether a party's neglect of a deadline may be excused is an equitable decision turning on all relevant circumstances surrounding the party's omission . . . includ[ing] the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (citing *Pioneer*, 507 U.S. at 395). Finally, Rule 60(b) motions are left "for the district court's sound direction." *Green v. United States*, No. CV512-124, 2015 WL 4944808, at *3 (S.D. Ga. Aug. 19, 2015) (quoting *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014)).

Plaintiff's delay of two years in filing this Motion further weighs against a finding of excusable neglect. *See S.E.C. v. Simmons*, 241 F. App'x. 660 (11th Cir. 2007) (holding that plaintiff's inexplicable delay of over four months in filing a motion to

vacate default judgment precluded relief under Rule 60(b)(1)). Moreover, Plaintiff's argument for relief from judgment center on circumstances that were present at the time he initiated this action in May 2019, such as his education level and eye damage. *See* [Doc. 21]. The only apparent changes in circumstances include: an unspecified time in administrative segregation, a news story regarding the initiation of a Department of Justice investigation of Georgia prisons, and Plaintiff's procurement of a different inmate to assist him in his legal matters. [*Id*.]. More importantly, on December 20, 2019, Plaintiff's Complaint was dismissed pursuant to 28 U.S.C. §1915A(b) for failure to state a claim for which relief could be granted and not for missing any type of deadline. *See* [Doc. 17]. Even after ordering dismissal, the Court graciously withheld final judgment for over two weeks to allow Plaintiff one last opportunity to amend his Complaint to present a viable claim. *See* [*id*.]; [Doc. 19]. Plaintiff met that deadline and submitted an Amended Complaint [Doc. 18] which still failed to state a claim. *See* [Doc. 19]. Judgment was entered on January 14, 2020. [Doc. 20]. Thus, Plaintiff's Motion, if not procedurally barred due to delay, would still be subject to denial.

Lastly, the Court considers Plaintiff's argument that the Court should grant his Motion "in the interest of justice" as one alluding to the catchall provision of Rule 60(b)(6). Relief under Rule 60(b)(6) "is intended 'only for extraordinary circumstances.'" *Olmstead v. Humana, Inc.*, 154 F. App'x 800, 805 (11th Cir. 2005) (per curiam) (citing *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000)). Hence, a plaintiff is

required to "demonstrate a justification for relief so compelling that the district court was *required* to grant [the] motion." *Id.* (emphasis and alteration in original). Even then, whether to grant the requested relief is a matter for the district court's sound discretion." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (punctuation omitted). Plaintiff's education level and eye injury—which were present at the time he initiated this action—as well as his newly-found inmate to assist him and the general investigation by the Department of Justice are not the type of extraordinary circumstances or compelling grounds that require the Court to vacate Judgment.

For the reasons discussed in detail above, the Court **DENIES** Plaintiff's Motion for Relief from Judgment [Doc. 21].

**SO ORDERED**, this 4th day of February, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**